**Affirmed and Memorandum Opinion filed July 23, 2024.**



In The

# Fourteenth Court of Appeals

---

## NO. 14-23-00195-CV

---

### YUNCAI TANG, Appellant

### V.

### AMERICAN CITIGROUP REAL ESTATE, INC.; VENETIAN PROPERTY, LLC; AMERICAN CITYHOME GROUP, INC.; YUE YIN; AND WEI JIA XU, Appellees

---

**On Appeal from the 11th District Court
Harris County, Texas
Trial Court Cause No. 2019-16506**

---

## MEMORANDUM OPINION

Appellant Yuncai Tang appeals from a take-nothing judgment rendered by the trial court in favor of appellees American Citigroup Real Estate, Inc.; Venetian Property, LLC; American Cityhome Group, Inc.; Yue Yin; and Wei Jia Xu (collectively, the Sellers) on Tang's breach-of-contract and Deceptive Trade Practices–Consumer Protection Act (DTPA) claims arising out of his purchase of real estate in Harris County. *See* Tex. Bus. & Com. Code Ann. §§ 17.41–.63. In a

single issue on appeal,[1] Tang argues the trial court erred by granting the judgment notwithstanding the verdict ("JNOV") with respect to the jury questions concerning Tang's DTPA claim against appellees.

Because Tang has not challenged all the grounds on which the trial court rendered JNOV, we affirm.

## I.  BACKGROUND

While living in Shanghai, Tang purchased two residential lots, located in Harris County, from American Citigroup Real Estate, Inc. The contract contained the sales price of $237,300 for each lot, which included the real property and a newly constructed house.

Tang alleges that he entered the contract because the Sellers made misrepresentations about the properties to him that they knew were untrue and those representations were made to induce Tang to purchase the properties. Tang signed the contract in November 2015, along with an addendum reflecting that the

---

[1] Although Tang specifically presents three appellate issues, only one of his issues alleges any error on the part of the trial court. Further, all three stated issues address aspects of the only trial-court error raised by Tang—whether the trial court erred by granting judgment not withstanding the verdict on the DTPA questions:

Issue 1.

Whether the trial court erred in granting Appellees' motion for judgment notwithstanding the verdict regarding the jury's answers to questions 7, 9, 10, 11 and 12, which support [] Mr. Tang's Deceptive Trade Practices theory of recovery.

Issue 2.

Whether there is sufficient evidence to support the jury's answers to questions 7, 9, 10, 11 and 12, which support [] Mr. Tang's Deceptive Trade Practices theory of recovery.

Issue 3.

Whether Mr. Tang's grievances against Appellees are cognizable only under contract law—or also under the Deceptive Trade Practices Act.

properties would be ready for delivery in 2016.[2] The properties were ultimately not ready until 2019. Although he paid the 30% down payment for each of the two properties, Tang never secured financing for the balance of the cost, nor did he make the final contractual payment. Tang arrived in the United States with his family and moved into one of the properties, but he was not satisfied with the quality of the properties, and he did not want to buy the properties.[3]

Tang sued the Sellers for breach of contract, violation of the DPTA, and other causes of action. Because all of Tang's other causes of action were dismissed on directed verdict and not pertinent to this appeal, we only discuss Tang's breach-of-contract and DTPA claims. The Sellers countersued Tang for breach of contract.

Tang's breach-of-contract and DTPA claims were tried to the jury, along with the Sellers' breach-of-contract claims against Tang. The jury found there was no breach of contract by either Tang or the Sellers and awarded no breach-of-contract damages. However, the jury found that the Sellers had violated the DTPA and awarded damages.[4] The Sellers moved for a JNOV on grounds including (1) there was no evidence supporting the jury's finding of damages and (2) the DTPA claim was barred by the statute of limitations. The trial court granted

---

[2] Tang also signed an addendum which provides that if the Seller cannot deliver the properties before August 31, 2016, "the company will compensate $700 per month to the landlord." If the properties could not be delivered by December 31, 2016, then the contract states it will be cancelled and the initial payment will be returned with damages. The addendum also allows the contract to be cancelled automatically if the buyer cannot get financing. Neither Tang nor the Sellers appear to have enforced contractual provisions until after the properties were completed.

[3] There was also testimony that Tang was evicted by the Sellers after a short stay in the properties.

[4] The jury verdict is not part of the appellate record, although it was requested by Tang. However, because Tang did not challenge all the grounds on which the trial court rendered JNOV, a copy of the jury verdict is not necessary to the disposition of this appeal.

the Sellers' motion and rendered JNOV on those jury questions that addressed Tang's DTPA claim:

> The Court, having considered the Motions, the Responses, the Jury's verdict, the applicable law including the statute of limitations, the evidence and testimony introduced at trial, and the arguments of counsel, finds that the evidence and applicable law does not support the jury's findings as to Question Numbers 7, 8, 9, 10, 11, 12, and 13. The Court further finds that there was insufficient evidence [of] damages for Question Numbers 7, 8, 9, 10, 11, 12, and 13 as well.

The trial court then rendered a final judgment on the remaining questions in the jury verdict and incorporated the JNOV on the DTPA claims, resulting in a judgment that Tang take nothing judgment on his claims against the Sellers and that the Sellers take nothing on their claims against Tang.

## II. ANALYSIS

"[U]pon motion and reasonable notice the court may render judgment non obstante veredicto if a directed verdict would have been proper, and provided further that the court may, upon like motion and notice, disregard any jury finding on a question that has no support in the evidence." Tex. R. Civ. P. 301. "Judgment without or against a jury verdict is proper at any course of the proceedings only when the law does not allow reasonable jurors to decide otherwise." *JPMorgan Chase Bank, N.A. v. Orca Assets G.P., L.L.C.*, 546 S.W.3d 648, 653 (Tex. 2018) (quoting *City of Keller v. Wilson*, 168 S.W.3d 802, 823 (Tex. 2005)).

We review a trial court's grant of a judgment notwithstanding the verdict under a no-evidence standard, examining whether any evidence supports the jury's findings. *Gharda USA, Inc. v. Control Sols., Inc.*, 464 S.W.3d 338, 347 (Tex. 2015); *Mancorp, Inc. v. Culpepper*, 802 S.W.2d 226, 227 (Tex. 1990). No evidence exists when there is:

4

(a) a complete absence of evidence of a vital fact; (b) the court is barred by rules of law or of evidence from giving weight to the only evidence offered to prove a vital fact; (c) the evidence offered to prove a vital fact is no more than a mere scintilla; (d) the evidence establishes conclusively the opposite of the vital fact.

*City of Keller*, 168 S.W.3d at 810. More than a scintilla of evidence exists when the evidence supporting the finding "rises to a level that would enable reasonable and fair-minded people to differ in their conclusions." *Burroughs Wellcome Co. v. Crye*, 907 S.W.2d 497, 499 (Tex. 1995) (citation omitted). When determining whether any evidence supports a judgment, we are "limited to reviewing only the evidence tending to support the jury's verdict and must disregard all evidence to the contrary." *Gharda USA, Inc.*, 464 S.W.3d at 347 (quoting *Mancorp, Inc.*, 802 S.W.2d at 227).

When a trial court specifies the ground on which it is granting a judgment notwithstanding the verdict, an appellant need only challenge the ground the trial court relied on. *Holman St. Baptist Church v. Jefferson*, 317 S.W.3d 540, 547 (Tex. App.—Houston [14th Dist.] 2010, pet. denied); *Cf. Fort Bend Cnty. Drainage Dist. v. Sbrusch,* 818 S.W.2d 392, 394 (Tex. 1991) (noting that when party moves for judgment notwithstanding verdict on multiple grounds and trial court grants judgment notwithstanding verdict without specifying which ground it found decisive, appellant has burden of showing that judgment notwithstanding verdict was not proper on any of asserted grounds).[5]

Here, the trial court specified its grounds for granting the JNOV:

The Court . . . finds that the evidence and applicable law does not

---

[5] An appellee may assert on appeal any other grounds that it alleged in its motion for JNOV, but were not relied upon by the trial court, to attempt to vitiate the jury's verdict. *Holman*, 317 S.W.3d at 547; *see also* Tex. R. App. P. 38.2(b); Tex. R. Civ. P. 324(c). Here, the Sellers do not raise any grounds which were not already included in the trial court's order.

support the jury's findings as to Question Numbers 7, 8, 9, 10, 11, 12, and 13. The Court further finds that there was insufficient evidence [of] damages for Question Numbers 7, 8, 9, 10, 11, 12, and 13 as well.

The trial court further specifically states in its order that it considered "applicable law including the statute of limitations" before concluding that the "applicable law" does not support the jury's findings. Therefore, Tang had the burden to address all the grounds on which the trial court granted the JNOV.

Tang mentions in his appellate brief that the Sellers sought judgment notwithstanding the verdict, among other reasons, because Tang filed his DTPA claim outside the limitations period. The statute of limitations was argued in the posttrial hearing on the Sellers' motion for JNOV. However, Tang makes no argument on appeal to challenge the statute-of-limitation grounds.

Because Tang does not address or argue error with respect to one of the explicit JNOV grounds and we must affirm a JNOV if it can be sustained on any ground relied on by the trial court, we overrule Tang's sole issue on appeal.

### III. CONCLUSION

We affirm the judgment of the trial court as challenged on appeal.


/s/     Charles A. Spain
        Justice


Panel consists of Justices Wise, Spain, and Hassan.

6